Matter of Panstar Realty LLC v New York Teachers Hous. Corp. (2026 NY Slip Op 00622)

Matter of Panstar Realty LLC v New York Teachers Hous. Corp.

2026 NY Slip Op 00622

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 816592/24|Appeal No. 5794|Case No. 2025-04283|

[*1]In the Matter of Panstar Realty LLC, Petitioner-Respondent,
vNew York Teachers Housing Corp., Respondent-Appellant.

Jagiani Law Office, PLLC, New York (Michael N. Jagiani of counsel), for appellant.
Zetlin & De Chiara LLP, New York (Raymond T. Mellon of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about July 8, 2025, which granted petitioner's application pursuant to RPAPL 881 for a temporary license to access respondent's property for a period of nine months; directed a license fee of $1375.00 per month to be paid to respondent; directed petitioner procure a $250,000 bond; and declined respondent's request for engineering and attorneys' fees, unanimously modified, on the law, to limit the license to access to respondent's property for the purpose of installing an overhead protection using needle beams, remand for reconsideration of respondent's request for engineering and attorneys' fees, and otherwise affirmed, without costs.
The court erred to the extent it granted the RPAPL 881 license allowing, and issued a directive requiring, petitioner to perform repairs to the retaining wall and parking lot on respondent's property. At the time petitioner commenced this special proceeding, the Department of Buildings (DOB) had a stop-work order in place that required the completion of those repairs prior to any authorization of the next stage of work on petitioner's school construction project. However, DOB fully rescinded the stop-work order, and it granted approval to petitioner's alternative plan to install overhead protection that used needle beams attached to a concrete slab on petitioner's property, obviating the need for repair of respondent's retaining wall and parking lot prior to the installation of overhead protections. Accordingly, there was no basis for finding that petitioner had the requisite need for an access license for making the repairs (see Matter of Thomas Anthony Holdings LLC v Goodbody, 216 AD3d 538, 539 [1st Dept 2023]; Matter of Lincoln Spencer Apts., Inc. v Zeckendorf-68th St. Assoc., 88 AD3d 606 [1st Dept 2011]), and the license should have been limited to access for the purpose of installing the needle beam overhead protection.
The court properly set a $1,375.00 monthly license fee (retroactive from March 2023 and continuing for the nine-month access period) based on the $125.00 monthly fee respondent charges its tenants for the parking spaces. Respondent does not provide evidentiary support for the higher monthly amount it asks this Court to impose, nor does it show that the issue should be remanded for an evidentiary hearing to allow it to offer evidence that it could have previously submitted (see Matter of 18 W. 55th St. LLC v Pleiades House LLC, 230 AD3d 990, 991 [1st Dept 2024]). The court also reasonably concluded that the $250,000 bond was sufficient to address the potential future damages that might result in connection with the access license, especially in light of respondent's failure to present evidence on this issue.
As to respondent's request for engineering and attorneys' fees, the court did not specifically address the request but implicitly denied the request when it found the parties' remaining contentions unavailing. In implicitly denying the request, it is unclear whether the court applied the proper standard. Accordingly, the issue of respondent's fee requests is remanded for a ruling on the assessment of the factual disputes concerning the conduct of the parties during negotiations for a license, their conduct during the pendency of this proceeding, and a balancing of the equities based on those factual determinations (see Matter of 1643 First LLC v 1645 1st Ave. LLC, 224 AD3d 623, 624-625 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026